PROB 12B
(7/93)

# United States District Court

for

## District of New Jersey

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Gregory Sims                                                                 Cr.: 04-00350-001

Name of Sentencing Judicial Officer: Joel A. Pisano, U.S.D.J.

Date of Original Sentence: 07/14/05

Original Offense: Theft of Department of Education Funds

Original Sentence: 2 years probation

Type of Supervision: Probation                                           Date Supervision Commenced: 07/14/05

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

     The defendant is to be confined to his residence for a period of 4 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.

## CAUSE

     Sims committed the criminal act of Hindering Apprehension on May 2, 2006; tested positive for marijuana use on December 15, 2005; failed to submit *Monthly Supervision Reports* since the commencement of supervision; failed to attend twice weekly Narcotics Anonymous meetings; failed to participate in an enhanced drug testing program (Code-A-Phone); failed to submit monthly supervision reports since the commencement of supervision; failed to make any payments toward court-imposed financial obligations; and failed to make regular child support payments.

Respectfully submitted,

By: Paul E. Choinski
U.S. Probation Officer
Date: May 24, 2006

PROB 12B - Page 2
Gregory Sims

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] The Extension of Supervision as Noted Above
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

6/1/06
_____
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel,' I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

The defendant is to be confined to his residence for a period of 4 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.

Witness: _____
U.S. Probation Officer
Paul E. Choinski

Signed: _____
Probationer or Supervised Releasee
Gregory Sims

_____
5/28/06
DATE

UNITED STATES DISTRICT COURT
PROBATION OFFICE
DISTRICT OF NEW JERSEY

**CHRISTOPHER MALONEY**
CHIEF PROBATION OFFICER

**THOMAS S. LARSON**
SUPERVISING PROBATION OFFICER

May 23, 2006

200 FEDERAL PLAZA
ROOM 130
P.O. BOX 2097
PATERSON, NJ 07509-2097
(973) 357-4080
FAX: (973) 357-4092

Honorable Joel A. Pisano, U.S.D.J.
U.S. Post Office & Courthouse
Room 417
P.O. Box 999
Newark, New Jersey 07101-0999

RE: **U.S. v. Gregory Sims**
**Dkt. No. 04-00350-001**
**Notice of Non-Compliance &**
**Request for Modification of Supervision Conditions**

Dear Judge Pisano:

On July 14, 2005 the above-referenced was sentenced by Your Honor to a two year probation term for the offense of Theft of Department of Education Funds. The offender was ordered to pay $2,214.89 in restitution and abide by the following special conditions: drug treatment and/or urinalysis; full financial disclosure; D.N.A. testing; and a prohibition from incurring any new debt or opening additional lines of credit. This office has been supervising Sims since the date of sentence.

The purpose of this letter is to report Sims' non-compliance with the conditions of his supervision and to request a modification to those conditions. Specifically, on May 2, 2006, Sims was arrested by officers of the Elmwood Park Police Department and charged with Hindering Apprehension. The arrest and charge stemmed from motor vehicle stop conducted after a police officer observed Sims disregard a red traffic light (see enclosed police report). According to the police report, Sims allegedly, provided the police officer with a false identity, namely, he stated he was his brother, Allan Sims. That matter is pending final disposition in the Elmwood Park Municipal Court.

In addition to the new criminal act the probationer provided a urine specimen on December 15, 2005, which was positive for marijuana; failed to attend twice weekly Narcotics Anonymous meetings; failed to participate in an enhanced drug testing program (Code-A-Phone); failed to submit *Monthly Supervision Reports* since the commencement of supervision; failed to make any payments toward his court-imposed financial obligations; and failed to make regular child support payments.

After discussing the circumstances and his conduct surrounding the criminal behavior and non-compliance with the probation office, the probationer agreed to a modification of his supervision conditions to include four months home confinement with electronic monitoring.

Given the facts of this case, and taking into consideration the nature of the above violations, it appears that a violation hearing is not warranted at this time. However, we are recommending that

Honorable Joel A. Pisano, U.S.D.J.
Page 2
May 23, 2006

an immediate sanction be imposed based on these violations. We respectfully recommend that the Court approve a modification to include a four month period of home confinement with electronic monitoring. As indicated by the attached Probation Form 49, *Waiver of Hearing to Modify Conditions of Supervised Release*, Sims has agreed to the modification and has waived his right to a hearing.

Therefore, unless Your Honor considers otherwise, we ask that you review the enclosed documents and sign the Probation Form 12B authorizing the modification. If Your Honor requests an alternative course of action, please advise. We will make ourselves available should Your Honor wish to discuss this matter. You may contact the undersigned at the telephone number listed above.

                                    Respectfully submitted,

                                    CHRISTOPHER MALONEY, Chief
                                    U.S. Probation Officer

                                    By: Paul E. Choinski,
                                        U.S. Probation Officer

Enclosure(s)